United States Court of Appeals
Fifth Circuit

**F I L E D**

December 12, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 04-60731

(Summary Calendar)

_____

NAGAT AHMED OMER; KHALID MOHAMED ELKHATI SIDDIG; REEM MOHAMED ELKHATI SIDDIG; AMRO MOHAMED ELKHATI SIDDIG,

Petitioners,

versus

ALBERTO R GONZALES, U S ATTORNEY GENERAL,

Respondent.

_____

Petition for Review from the
Board of Immigration Appeals
No. A96 098 254

_____

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Nagat Omer ("Omer") and her children (collectively, "Petitioners") petition for review of the

_____

    [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denial of asylum by the Board of Immigration Appeals (the "BIA").  In its denial, the BIA specifically adopted the findings of the Immigration Judge (IJ), including a finding that Omer, the only witness at Petitioners' removal hearing, was not credible.  Petitioners argue that the credibility determination is not supported by substantial evidence.

Under substantial evidence review, this court will not disturb factual findings of the BIA unless we "find not only that the evidence supports a contrary conclusion, but that the evidence *compels* it."  *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994); *see also* 8 U.S.C. § 1252(b)(4)(B).  In making a credibility determination, the fact-finder should consider the "totality of the circumstances" and may base its decision on, *inter alia*, the witness's demeanor, the "inherent plausibility" of the witness's account, the internal consistency of the account, and the consistency of the account with other evidence.  8 U.S.C. 1158(b)(1)(iii).

The record does not compel this court to find Omer credible on the basis of these factors.  As the IJ discussed in his decision, there were multiple inconsistencies between Omer's written application and her testimony at the removal hearing.  For example, Omer's application stated that, after being arrested three times and beaten by police at least once in the 1980's, she left Sudan in 1985 and did not return until 1999.  At the hearing, she revealed that she had actually visited Sudan at least four times during those years for extended family vacations.  The IJ, noting the inconsistency, stated that he did not believe a reasonable person who had been treated as Omer was by police would vacation in the country where he or she had been abused.  We cannot say that Omer's testimony was inherently plausible or that her two accounts were consistent.

For the foregoing reasons, we will not disturb the BIA's adverse credibility finding.  Because Petitioners' asylum application depends on Omer's testimony, we conclude that they have not

demonstrated their eligibility for asylum and accordingly DENY their petition for review.